IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| REBECCA RAWLINGS, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3:07-CV-1608-O |
| | § | |
| TRAVELERS PROPERTY CASUALTY | § | |
| INSURANCE COMPANY | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM OPINION AND ORDER**

Before the Court are Plaintiff's Motion to Remand and Brief in Support ("Pl's Mot."), Defendants' Response to Plaintiff's Motion to Remand and Brief in Support ("Defs' Resp."), Plaintiff's Reply to Defendants' Response to Motion for Remand and Brief in Support ("Pl's Reply"), and the parties' Joint Appendix ("Jt. App.") (Doc. # 25), filed jointly on December 4, 2007 pursuant to the Scheduling Order (Doc. # 4) dated September 25, 2007.

Having reviewed these filings, Defendants' Notice of Removal ("Notice") (Doc. #1), filed September 19, 2007, and the applicable law, the Court finds that Plaintiff's Motion to Remand should be and is hereby **DENIED**.

**I.    Factual and Procedural Background**

This action arises out of the allegedly age-based termination of Plaintiff Rebecca Rawlings' ("Plaintiff") employment. Jt. App. at Tab 3. Plaintiff initiated this suit in the County Court at Law No. 1, Dallas County, Texas on August 13, 2007, alleging claims against her former employer Travelers Property Casualty Insurance Company ("Travelers") for intentional infliction of emotional distress, negligent supervision and retention, and violation of the Texas

1

Commission on Human Rights Act (TCHRA).[1]  *Id.*  In addition, Plaintiff brings claims against her former supervisor, Defendant Tony Finnelly ("Finnelly"), for intentional infliction of emotional distress ("IIED") and defamation.  *Id.*

On September 19, 2007, Defendants removed the state court action to federal court, alleging that complete diversity exists because Finnelly, a Texas citizen, was improperly joined and should therefore be disregarded for the purpose of establishing jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1446(a).  *See* Notice at 3-5.  Defendants also assert that at least $75,000 in damages are at stake in this action.  *Id.* at 5-6.

On September 25, 2007, Plaintiff filed a motion to remand on the grounds that this lawsuit does not involve a federal question or diverse parties, as Finnelly was properly joined in this action.  Pl's Mot. at 3-4.  In addition, Plaintiff asserts that remand is proper because Defendants' Notice of Removal does not contain an affirmative statement that all defendants consented to removal or explaining why consent was not necessary, as required by 28 U.S.C. § 1446(a).  *Id.* at 4-5.  Defendants respond that diversity jurisdiction exists because Finnelly was improperly joined, and that Plaintiff waived any argument that removal was procedurally defective.  Defs' Resp. at 3-9.  This issue is now ripe for determination.

---

[1] Defendant Travelers Property Casualty Insurance Company maintains that Plaintiff's employer at all relevant times and the proper party in this suit is Travelers Indemnity Company and not Travelers Property Casualty Insurance Company.  *See* Notice at Footnote 1; Jt. App. at Tab 2.  This distinction does not appear to bear any relevance to the determination of whether remand is appropriate, as both entities are citizens of Connecticut.  *Id.* at Footnote 14.

## II. Discussion

### A. Legal Standard for Remand

Federal courts are courts of limited jurisdiction and must have statutory or constitutional power to adjudicate a claim. *Beiser v. Weyler*, 284 F.3d 665, 674 (5th Cir. 2002). A federal court has original subject matter jurisdiction over cases "arising under" the Constitution, laws, or treatises of the United States, as well as over cases where the matter in controversy exceeds $75,000, exclusive of interest and costs, and diversity of citizenship exists between the parties. 28 U.S.C. §§ 1331, 1332.

The federal removal statute, 28 U.S.C. § 1441, allows for the removal of "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." The Court strictly construes the removal statute because it implicates important federalism concerns. *Frank v. Bear Stearns & Co.*, 128 F.3d 919, 922 (5th Cir. 1997). The defendant carries the burden of establishing that removal is proper. *Jernigan v. Ashland Oil Inc.*, 989 F.2d 812, 815 (5th Cir. 1993). Further, any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 282 (5th Cir. 2007).

### B. Diversity of Citizenship

Diversity jurisdiction is present if complete diversity of citizenship exists between the parties and the amount of damages in controversy exceeds $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. Defendants assert that removal is proper because this Court has diversity jurisdiction over this matter. *See* Notice at 3-4. While both Plaintiff and Finnelly are Texas citizens, Defendants argue that diversity of citizenship exists because Finnelly was

improperly joined and should be disregarded for the purpose of establishing jurisdiction pursuant to 28 U.S.C. §§ 1332 and 1446(a).² *Id.* Plaintiff argues that removal was improper because there is no diversity of citizenship of the parties, as Finnelly was properly joined in this action. Pl's Mot. at 3-4. Accordingly, the Court must evaluate whether Defendant Finnelly was improperly joined such that his Texas citizenship is disregarded for the purpose of assessing diversity of citizenship.

The party seeking removal bears a heavy burden of proving that joinder of the in-state party was improper. *Smallwood v. Ill. Cent. R.R. Co.,* 385 F.3d 568, 574 (5th Cir. 2004) (en banc). The removing party must prove improper joinder by clear and convincing evidence. *Grassi v. Ciba-Geigy, Ltd.*, 894 F.2d 181, 186 (5th Cir. 1990). There are two ways that a removing party can establish improper joinder: show (1) actual fraud in a plaintiff's pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse defendant in state court. *Travis v. Irby*, 326 F.3d 644, 647 (5th Cir. 2003). Because Defendants have not alleged actual fraud in Plaintiff's pleading of jurisdictional facts, only the latter method of establishing improper joinder is before the court.³

The test under the second method of establishing improper joinder is whether the defendant has demonstrated that "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. In the "reasonable basis" analysis, "all disputed questions of fact and all ambiguities in

---

²Plaintiff's petition alleges that she and Defendant Finnelly are citizens of Texas and that Defendant Travelers is a Connecticut corporation. *See* Jt. App. at Tab 3. Defendant does not contest these factual allegations. *Id*. at 3-4; Jt. App. at Tab 2.

³ *See* footnote 2.

4

state law must be resolved in favor of the plaintiff." *Gray ex rel. Rudd v. Beverly Enters.-Miss., Inc.*, 390 F.3d 400, 405 (5th Cir. 2004). However, if plaintiff only has a mere theoretical possibility of recovery under state law against a non-diverse defendant, such a possibility will not preclude a finding of improper joinder. *Badon v. RJR Nabisco, Inc.*, 236 F.3d 282, 286 n. 4 (5th Cir. 2000).

To determine whether a plaintiff has a reasonable basis of recovery against an in-state defendant, the court may either (1) conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether it states a claim under state law against the in-state defendant; or (2) in limited circumstances, conduct a summary inquiry "to identify the presence of discrete and undisputed facts" that Plaintiff may have misstated or omitted that would determine the propriety of joinder. *Smallwood*, 385 F.3d at 573-74; *see also Griggs v. State Farm Lloyds*, 181 F.3d 694, 699-700 (5th Cir. 2000); *Cavallini v. State Farm Mut. Auto Ins. Co.,* 44 F.3d 256, 263 (5th Cir. 1995) (stating that, while the Fifth Circuit cautions against holding a full evidentiary hearing to make preliminary determinations of subject matter jurisdiction, it has permitted district courts to 'pierce the pleadings' and consider summary-judgment-type evidence).

Here, Plaintiff alleges claims for intentional infliction of emotional distress ("IIED") and defamation against Defendant Finnelly. The Court will address whether there is a reasonable basis to predict that Plaintiff might be able to recover against Finnelly with respect to each claim. If there is a reasonable basis of recovery for either claim, Finnelly was properly joined and remand is appropriate. However, if there is not a reasonable basis for recovery on either claim, Finnelly was improperly joined, and this Court must then assess whether Defendants have shown

5

that the amount in controversy exceeds $75,000.

### 1. Intentional Infliction of Emotional Distress

Under Texas law, to recover on an intentional infliction of emotional distress claim, a plaintiff must prove that: (1) the defendant acted intentionally or recklessly, (2) the conduct was extreme and outrageous, (3) the defendant's actions caused the plaintiff emotional distress, and (4) that the resulting emotional distress was severe. *Hoffmann-La Roche Inc. v. Zeltwanger*, 144 S.W.3d 438, 445 (Tex. 2004). "Extreme and outrageous conduct" is conduct that is so outrageous and extreme in degree as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community. *Id.*

Defendants argue that Plaintiff has no reasonable basis for recovering on her intentional infliction of emotional distress against Finelly, her former supervisor, because her claim is foreclosed by Texas law. *See* Notice at 4. Specifically, Defendant argues that Plaintiff's claim is foreclosed by *Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 816 (Tex. 2005), where the Texas Supreme Court held that a plaintiff's IIED claim failed where the conduct complained of was covered by state anti-discrimination laws. *Id.* Plaintiff argues that this case is distinguishable from *Creditwatch*, as Plaintiff is suing Finnelly for the emotional distress he imposed upon her which was in addition to Travler's policy of systematically eliminating older workers. Pl's Reply at 1-3. Plaintiff argues that where an individual supervisor's intentional conduct is severe, as here, an action lies for IIED regardless of the fact that it arose in a work place setting. *Id.*

Under Texas law, a plaintiff cannot maintain an IIED claim against a defendant based on conduct giving rise to a separate common law or statutory claim, such as a claim for workplace

discrimination or harassment. *Zeltwanger,* 144 S.W.3d at 441-51; *Creditwatch*, 157 S.W.3d at 815-817. In *Zeltwanger*, the Texas Supreme Court held that a where the gravamen of a plaintiff's complaint is for sexual harassment, the plaintiff may not bring an IIED claim and must proceed solely under the statute prohibiting such harrassment unless there are additional facts, unrelated to sexual harassment, to support a claim for IIED. 144 S.W.3d at 441. The Court noted that the tort of IIED was judicially created for the limited purpose of allowing recovery in those rare instances in which a defendant intentionally inflicts sever emotional distress in a manner so unusual that the victim has no other recognized theory of redress. *Id.* at 447.

Similarly, in *Creditwatch,* the Court held that plaintiff could not maintain claims against her employer and supervisor for IIED based on the same complaints that formed the basis of plaintiff's claim for sexual harassment under the Texas Commission on Human Rights Act ("TCHRA") in her original complaint. 157 S.W.3d at 816. Plaintiff originally sought recovery under the TCHRA, but withdrew those claims when defendants moved for summary judgment based on limitations, proceeding solely on her claim for IIED. *Id.* The Court noted that the complaints forming the basis of plaintiff's IIED claims all stemmed from her supervisor's lewd advances and subsequent retaliation because of plaintiff's refusal of those advances. *Id.* The Court held that since Plantiff's complaints were covered by other statutory remedies, specifically the TCHRA, she could not assert the same complaints as IIED claims. *Id.* The court noted that IIED was never intended as an easier and broader way to pursue claims already protected by our expanding civil and criminal laws. *Id.* at 818.

Under *Zeltwanger* and *Creditwatch,* a plaintiff cannot bring a claim for intentional infliction of emotional distress against a defendant where the plaintiff could bring a state

7

statutory claim or other tort claim against that defendant based on the same conduct alleged. *Zeltwanger,* 144 S.W.3d at 441-51; *Creditwatch*, 157 S.W.3d at 815-817. In addition, in *Creditwatch*, the Court prohibited recovery on an IIED claim against a plaintiff's supervisor because the supervisor's conduct could form the basis of a claim under the TCHRA, even though the TCHRA only provides for suits against employers and does not apply to supervisors. *See id.;* TEX. LAB. CODE § 21.000, *et. seq*. Thus, under *Creditwatch* and numerous federal court decisions, a plaintiff cannot bring a claim for intentional infliction of emotional distress against a *defendant supervisor* where the plaintiff could bring a state statutory claim or other tort claim against *plaintiff's employer* based on the same conduct alleged. *Creditwatch*, 157 S.W.3d at 815-817; *Sublet v. Tyler Staffing Servs., Inc.*, et al., 2007 WL 1467261 *1-2 (N.D. Tex. May 14, 2007) (court denied remand where facts forming basis of plaintiff's IIED claim against defendant supervisor seemed the same as facts forming basis for plaintiff's discrimination and retaliation claims against employer); *Pacheco v. Zanios Foods, Inc., et al.*, 502 F.Supp.2d 508, 511-12 (W.D. Tex. 2006) (court denied remand because there was no reasonable basis of recovering against defendant supervisor on IIED claim when other statutory remedies were available for the underlying conduct); *Perez v. Merrill Lynch & Co., Inc.*, 2006 WL 3247951 *2-3 (S.D. Tex. Nov. 6, 2006) (court denied remand on basis that defendant supervisor was improperly joined where IIED claim was based on conduct that formed the basis of Plaintiff's gender discrimination/retaliation claims); *Martinez v. Computer Scis. Corp*, 2005 WL 3414828 *1-3 (W.D. Tex. May 16, 2005 (where court held that a plaintiff may no longer bring an IIED claim against a supervisor for workplace harassment due to *Creditwatch* even though TCHRA only provides for an action against an employer). Accordingly, for Plaintiff to have stated a claim on

8

which she has a reasonable basis of recovery against Finnelly, her former supervisor, Plaintiff's IIED claim cannot be based on facts that could form the basis of any workplace harassment or discrimination claim at all, even an action solely against her employer.

To determine whether Plaintiff has pleaded facts giving rise to her IIED claim against Finnelly that are independent of any potential workplace harassment or discrimination claim, the Court will first look to the facts pleaded in Plaintiff's state court petition. *See Griggs,* 181 F.3d at 699. In her petition, Plaintiff indicates that she has an IIED claim because Finnelly "acted intentionally, maliciously, and recklessly by firing Plaintiff due to her age" causing Plaintiff severe emotional distress, fright, anxiety, humiliation, anger, worry, nausea, and loss of sleep. *See* Jt. App. at Tab 3.

The Court finds that Plaintiff's petition does not provide a reasonable basis for predicting recovery against Defendant Finnelly on her IIED claim. Finnelly's firing plaintiff on the basis of her age constitutes conduct covered by the TCHRA, which prohibits employers from discriminating on the basis of age. *See* TEX. LAB. CODE § 21.000, *et. seq*. In addition, firing, even for a discriminatory reason, without more, does not constitute outrageous or extreme conduct. *City of Midland v. O'Bryant*, 18 S.W.3d 209, 217 (Tex. 2000); *Brewerton v. Dalrymple*, 997 S.W.2d 212, 216 (Tex. 1999).

Though Plaintiff's petition does not demonstrate a reasonable basis for recovery on her IIED claim, the Court finds it necessary to consider an affidavit Plaintiff has provided in support of her motion for remand. Given the heavy burden on Defendants to show improper joinder, the Court reviews Plaintiff's affidavit "to identify the presence of discrete and undisputed facts" that Plaintiff may have misstated or omitted that would determine the propriety of joinder. *See*

9

*Smallwood*, 385 F.3d at 572-74.

In her affidavit, Plaintiff alleges that Finnelly imposed unrealistic work standards on Plaintiff and reprimanded her for not meeting these unreasonable standards. Jt. App. at Tab 1. In addition, Plaintiff alleges that Mr. Finnelly constantly watched over and micromanaged Plaintiff and that this harassment, constant oversight, and physical proximity to Plaintiff during the day got to the point where she did not have any physical or emotional privacy within which to work. *Id.* Plaintiff further alleges that younger individuals were not being constantly pressured to meet unrealistic and unattainable standards, while several people with more than 20 years of were being treated like Plaintiff. *Id.* Plaintiff called this treatment "being managed out," in that she was intentionally and systematically emotionally pressured and micromanaged such that she and others would either voluntarily leave Travelers or would have the standards imposed upon her and others to have them appear as if they were not performing their jobs, which formed the false basis of her termination. *Id.* Plaintiff also claims that Finnelly did not follow proper procedures in having weekly meetings with Plaintiff. *Id.*

The Court finds that the facts alleged in Plaintiff's affidavit demonstrate that Plaintiff's claim of IIED is foreclosed by Texas law, as Texas workplace discrimination laws are appropriately applied to the conduct Plaintiff alleges forms the base of her IIED claim against Finnelly. Plaintiff's IIED claim is based on workplace conduct allegedly selectively applied to Plaintiff due to her age, intended to force Plaintiff to quit or to provide a false basis for termination of her employment. Intentional infliction of emotional distress, properly cabined, simply has no application when the actor "intends to invade some other legally protected interest," even if emotional distress results. *Zeltwanger*, 144 S.W.3d at 447. Here, Plaintiff's

claims are appropriately addressed by workplace harrassment and discrimination statutes. In addition, the Court finds that Plaintiff has not indicated that she based her IIED claim on any conduct that is "outrageous" or "extreme." Accordingly, the Court finds that Defendants have met their burden of showing by clear and convincing evidence that there is no reasonable basis to predict that Plaintiff might recover on her IIED claim against Finnelly. The Court now turns to Plaintiff's claim entitled "defamation/slander" to determine if there is a reasonable basis of recovery with respect to this claim.

### 2. Defamation/Slander

The Court must determine whether Defendants have demonstrated that there is no possibility of recovery by Plaintiff on her "defamation/slander" claim against Finnelly. Defendants argues that Plaintiff has failed to state a viable defamation/slander claim because Plaintiff has not alleged facts indicating that Finnelly published any allegedly defamatory statements. *See* Notice at 4-5. In addition, Defendants argue that Plaintiff's petition's vague reference to "statements" made by Finnelly are insufficient to establish proper joinder here. Defs' Resp. at 5. Plaintiff replies that Plaintiff is only required to file "notice pleadings" and that she is not required at this stage to elaborate on the factual basis of her slander claim. Pl's Reply at 4.

Texas law recognizes two types of defamation: libel and slander. *M.N. Dannenbaum, Inc. v. Brummerhop*, 840 S.W.2d 624, 633-34 (Tex. App.—Houston [14th Dist] 1992, writ denied). Slander is an oral defamation published to a third party without a legal excuse. *Kelly v. Diocese of Corpus Christi*, 832 S.W.2d 88, 91 (Tex. App.—Corpus Christi 1992, writ dism'd w.o.j.). To maintain a cause of action for defamation, a plaintiff must state facts which show that

11

the defendant (1) published a statement; (2) that was defamatory concerning the plaintiff; (3) while acting with malice, if the plaintiff was a public figure, or negligence, if the plaintiff was a private individual, regarding the truth of the statement. *See WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998). A defamatory statement is one in which the words tend to damage a person's reputation, exposing him or her to public hatred, contempt, ridicule, or financial injury. *Einhorn v. LaChance*, 823 S.W.2d 405, 410-11 (Tex. App.—Houston [1st Dist.] 1992, writ dism'd w.o.j.), *cert denied*, 517 U.S. 1135 (1996). Defamation claims must specifically state the time and place of publication of such statements. *See Ameen v. Merck & Co., Inc.*, 226 Fed. Appx. 363 (5th Cir. 2007) (where court upheld finding that plaintiff had no basis for recovery on defamation and noted that to recover on such a claim, the plaintiff must identify the alleged defamatory statement and the speaker)*; Lowery v. Allstate County Mut. Ins. Co.*, 2007 WL 1231703 *3-5 (N.D. Tex. Apr. 23, 2007) (finding improper joinder because plaintiff's petition failed to state a claim of defamation against in-state defendant where complaint did not state that allegedly defamatory statements were made to third party); *Garrett v. Celanese Corp.*, 2003 WL 22234917 *4-5 (N.D. Tex. Aug. 28, 2003) (dismissing defamation claim for failure to state a cause of action where complaint did not identify any specific defamatory statements, the time or place of such statements, and the third party to whom these statements were made); *Jackson v. Dallas Indep. Sch. Dist.*, 1998 WL 386158 (N.D. Tex. 1998) (finding state claim for defamation deficient, noting that courts require more particular pleading to allow the opposing party to raise the appropriate defenses).

To determine whether a plaintiff has a reasonable basis of recovery against Finnelly on her defamation claim, the Court will look to the facts pleaded in Plaintiff's state court petition

that relate to this claim. Plaintiff's petition states that "Defendant Tony Finnelly said false, discrediting and slanderous statements regarding Plaintiff." Jt. App. at Tab 3. In addition, the petition states that, as a result of these statements, Plaintiff has endured shame, embarrassment, humiliation, and mental pain and anguish. *Id.* Additionally, Plaintiff alleges she is, and will in the future, be seriously injured in her good name and reputation in the community, and exposed to the hatred, contempt and ridicule of the general public, as well as of her friends and relatives" as a result of Finnelly's false, discrediting and slanderous statements. *Id.*

The Court finds that Plaintiff's petition does not provide a reasonable basis for predicting recovery against Defendant Finnelly on her defamation claim. Plaintiff's petition does not identify the content or character of any specific defamatory statements or the time or place of such statements. In addition, Plaintiff has not alleged that Finnelly made any statements to a third-party or otherwise published the statements forming the basis of her claim. The Court cannot reasonably infer from the bare-bones pleading of this claim that any allegedly defamatory statements were published to a third party such that Plaintiff can recover on her defamation/slander claim against Finnelly.

The Court again finds it necessary to consider an affidavit Plaintiff has provided in support of her motion for remand. However, none of the facts alleged in Plaintiff's affidavit relate to her defamation/slander claim. *See* Jt. App. at Tab 1. Accordingly, the Court finds that Defendant has met its burden of showing by clear and convincing evidence that there is no reasonable basis to predict that Plaintiff might recover on her defamation/slander claim against Finnelly. Since Defendants have shown that there is no reasonable basis to predict Plaintiff will recover on any of her claims against Finnelly, the Court finds that Defendant Finnelly has been

13

improperly joined. Finnelly's Texas citizenship is disregarded for the purposes of assessing diversity, and therefore diversity of citizenship exists between the properly joined parties in this action.

### C. Amount in Controversy

Having determined that Finnelly was fraudulently joined in this action, the Court now addresses whether Defendants have satisfied the second requirements for diversity jurisdiction - amount in controversy. Where there is complete diversity of citizenship, the district court has original jurisdiction where the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332. Plaintiff's petition does not allege a specific amount in damages, instead asking for damages in an amount within the jurisdictional limits of the state court. Jt. App. at Tab 3. Therefore, Defendants, as the removing parties, bear the burden of establishing by a preponderance of the evidence that the amount in controversy exceeds $75,000. *See Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995). Defendant may satisfy this burden by: (1) demonstrating that it is "facially apparent" from the petition that the claim likely exceeds $75,000 or (2) setting forth the facts in controversy—preferably in the removal petition, but sometimes by affidavit—that support a finding of the requisite amount. *Id.*

Here, Defendants state in their Notice of Removal that is it facially apparent that Plaintiff is seeking damages in excess $75,000. Notice at 5-6. Defendants note that Plaintiff makes a claim under the THRCA, and that this statute allows for recovery of compensatory damages, reinstatement, punitive damages, costs, attorneys' fees, and damages for mental anguish. *Id.* In addition, Defendants note that Plaintiff seeks actual and exemplary damages in connection with her negligent retention/supervision and intentional infliction of emotional distress claims against

14

Travelers. *Id.* Defendants further note that Plaintiff has not filed a binding stipulation or affidavit stating that she is seeking less than $75,000 in damages. *Id.* Plaintiff's motion to remand does not indicate that she is seeking remand on the grounds that the amount in controversy requirement is not met in this case and Plaintiff's reply brief does not address Defendants' arguments regarding the amount in controversy in this case. *See generally* Pl's Mot.; Pl's Reply.

In determining whether it is facially apparent that damages more likely than not exceed $75,000, the Court looks to Plaintiff's state court petition. *Allen*, 63 F.3d at 1336 (stating that when the district court makes a "facially apparent" determination, the proper procedure is to look at the face of the complaint and ask whether the amount in controversy is likely to exceed the jurisdictional limit). Although no specific dollar figure accompanies Plaintiff's claims, after a review of the petition, the Court finds that it is "facially apparent" that Plaintiff's claims more likely than not exceed $75,000.

Plaintiff brings a claim against Travelers for unlawfully firing Plaintiff due to her age in violation of the TCHRA. Jt. App. at Tab 3. Plaintiff alleges that Travelers terminated her employment knowing that it was in violation of the TCHRA. *Id.* Under the TCHRA, if a court finds a defendant engaged in an unlawful intentional employment practice, the court may award compensatory and punitive damages. TEX. LAB. CODE § 21.2585 (capping compensatory and punitive damages between $50,000 and $300,000, depending on the number of people employed by defendant). *Id.* In addition, under the TCHRA, a court may award equitable relief including backpay and court costs. *See* TEX. LAB. CODE § 21.258 (describing equitable relief available, and limiting back pay to two years before the date a complaint is filed with the commission).

15

The TCHRA also authorizes a court to award the prevailing party reasonable attorney's fees. *See* TEX. LAB. CODE § 21.258.[4]

In addition to damages under the TCHRA, Plaintiff pleads actual and exemplary damages for past and future pain and suffering, mental anguish, and emotional distress due to Travelers' negligent supervision and retention of Plaintiff's supervisor. *See* Jt. App. at Tab 3. Exemplary damages are capped under Texas law to the greater of: (1)(a) two times the amount of economic damages plus (b) an amount equal to any noneconomic damages found by the jury, not to exceed $750,000; or (2) $200,000. TEX. CIV. PRAC. REM. § 41.008.

A review of the claims and damages pleaded by Plaintiff leads the Court to conclude that it is facially apparent that it is more likely than not that the amount in controversy in this action exceeds $75,000. The pleaded damages can easily support the requisite monetary basis for federal jurisdiction. In addition, the Court notes that Plaintiff has not expressly stipulated that she seeks damages for an amount less than the jurisdictional amount or that the requisite amount in controversy is not present. *See Calloway v. BASF Corp.*, 810 F.Supp. 191, 193 (S.D. Tex. 1993) (court considered that plaintiff expressly declined to stipulate to damages under jurisdictional amount and sought both actual and punitive damages in holding defendants met burden of establishing amount in controversy over jurisdictional limits); *Johnson v. Dillard Dept. Stores, Inc.*, 836 F.Supp. 390, 395 (N.D. Tex. 1993) (court held removal was proper after considering that plaintiff failed to submit a sworn unrebutted affidavit indicating that the requisite amount in controversy was not present, and refused to stipulate that her damages did

---

[4] *H&D Tire and Automotive-Hardware, Inc. v. Pitney Bowes, Inc.* 227 F.3d 326, 330 (5th Cir. 2000) (if statutory cause of action entitles a party to receive attorneys' fees, the amount in controversy includes those fees).

not exceed the amount required for assertion of federal diversity jurisdiction). The Court finds that the Defendants have met their burden of demonstrating that the amount in controversy more likely than not exceeds $75,000. Accordingly, this Court has diversity jurisdiction over this matter, as there is complete diversity of the parties and the amount in controversy likely exceeds $75,000. *See* 28 U.S.C. § 1332.

### D. Procedural Defects

Plaintiff alleges in her motion to remand that this case must be remanded because Defendants did not obtain written consent of all served defendants before removing this case. Pl's Mot. at 4. Plaintiff argues that 28 U.S.C. § 1446(a) requires the notice of removal to contain an affirmative statement that all defendants who have been properly served at the time of removal have consented in writing to the removal, or why such consent is not necessary. *Id.* at 5.

In cases with multiple defendants, the removing defendant must secure written consent to the removal from the other served defendants. *Doe v. Derwood*, 969 F.2d 165, 167-68 (5th Cir. 1992). If one of the defendants refuses to consent, the removal is procedurally defective and the case should be remanded on timely challenge by the plaintiff. *Id.* However, a defendant alleging fraudulent joinder is not required to obtain consent of codefendants before removing an action. *Jernigan*, 989 F.2d at 815.

The Court has found that Defendant Finnelly has been improperly joined. Accordingly, Plaintiff cannot attack the form of the notice of removal on the basis that Travelers did not obtain the consent of Finnelly, or explain the lack of consent. The Notice of Removal makes clear that the case was being removed on the basis of fraudulent joinder. In addition, the Notice of Removal indicates that it was filed on behalf of both Travelers and Finnelly, who are represented

17

by the same counsel.  *See* Notice at 1, 8.  Accordingly, the Court finds that there is no procedural defect requiring remand here.

III.   Conclusion

In sum, the Court finds that there is no reasonable basis to predict recovery on Plaintiff's intentional infliction of emotional distress and defamation/slander claims against Defendant Finnelly.  Disregarding Finnelly's citizenship, the Court finds that diversity of citizenship exists between the parties in this case.  In addition, the Court finds that it is more likely than not that the damages at issue in this case exceed $75,000.  Furthermore, Plaintiff's procedural attacks of removal are without merit.  Accordingly, Plaintiff's Motion to Remand (Doc. # 25) is **DENIED**.

**SO ORDERED** on this **20th** day of **May, 2008.**

**Reed O'Connor**
**UNITED STATES DISTRICT JUDGE**